# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMAL STEWART, | * | |
| Petitioner, | * | |
| v. | * | Criminal Case No. MJG-08-0415-1 |
| | | (Related Civil No. MJG-17-3764) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

***

## MEMORANDUM OPINION

On December 20, 2017, Petitioner Jermar Stewart (a/k/a Jamal Stewart) filed a Motion to Vacate ("Motion") under 28 U.S.C. § 2255, claiming that he is entitled to habeas relief pursuant to Mathis v. United States, 136 S. Ct. 2243 (2016) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). ECF No. 443. The Government responded, indicating that the Motion is time-barred. ECF No. 444. The Court advised Petitioner that the Motion would be dismissed as untimely unless Petitioner provided information establishing he is entitled to the benefit of the exceptions provided in 28 U.S.C. § 2255 or is otherwise entitled to an equitable tolling of the statute of limitations. ECF No. 446. Petitioner has not replied. For reasons set forth herein, the Motion is denied and dismissed.

### Background

On May 15, 2009, Petitioner pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846. ECF No. 151. On August 10, 2009, Petitioner was sentenced to a term of 262 months in prison pursuant to a Rule 11(c)(1)(C) plea agreement. ECF Nos. 198, 199. Petitioner filed an appeal, which the Fourth Circuit affirmed in part and dismissed in part by judgment entered on March 17, 2011. United

States v. Stewart, 417 F. App'x 306 (4th Cir. 2011); ECF Nos. 201, 285. Specifically, the Fourth

Circuit affirmed Petitioner's conviction and dismissed the appeal of his sentence. Id. at 307.

## Discussion

Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to petitions filed

under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by
governmental action in violation of the Constitution or laws of the United
States is removed, if the movant was prevented from making a motion by such
governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme
Court, if that right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could
have been discovered through the exercise of due diligence.

In order for Petitioner's Motion to be timely under § 2255(f)(1), it must have been filed

within one year of final judgment. When a defendant files a direct appeal, the judgment of

conviction becomes final when the Supreme Court denies a petition for a writ of certiorari or

when the time for filing a certiorari petition expires. Clay v. United States, 537 U.S. 522, 527

(2003); United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009).

Here, Petitioner filed a direct appeal to the Fourth Circuit and his judgment of conviction

became final on June 17, 2011, when the ninety-day time period for filing a certiorari petition to

the Supreme Court expired. As a result, the § 2255(f)(1) limitations period expired one year

later, on June 17, 2012. Petitioner, however, did not file the instant Motion until more than five

years later, on December 20, 2017. Therefore, Petitioner's Motion is untimely under §

2255(f)(1).

2

Moreover, the Motion is not timely under any other provisions of § 2255(f). Petitioner's claim does not involve alleged unconstitutional governmental action, as required by § 2255(f)(2), nor does it allege new facts that could not have been previously discovered through the exercise of due diligence, to satisfy § 2255(f)(4). And, because Petitioner does not rely on a right that was "newly recognized" by the Supreme Court, he likewise cannot rely on § 2255(f)(3) to justify the late filing of his Motion.

The extraordinary remedy of equitable tolling could permit review of Petitioner's untimely Motion; however, Petitioner fails to set forth any argument supporting equitable tolling. To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his Motion to Vacate, or that circumstances beyond his control caused the delay. See Harris v. Hutchinson, 209 F. 3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.

Petitioner has failed to establish factors warranting equitable tolling of the statute of limitations. He has not asserted or demonstrated any extraordinary circumstances beyond his control that prevented him from complying with the statutory time limit. Thus, Petitioner's motion is denied and dismissed as untimely.

### Certificate of Appealability

When dismissal of a Motion to Vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district

3

court was correct in its procedural ruling.'" <u>Rouse v. Lee</u>, 252 F.3d 676, 684-85 (4th Cir. 2001) (quoting <u>Slack v. Daniel</u>, 529 U.S. 473, 484 (2000)). Here, Petitioner's Motion is dismissed on procedural grounds, and Petitioner has not made the requisite showing.

## Conclusion

Petitioner's Motion will be denied and dismissed, and no certificate of appealability shall issue. A separate order follows.

| | |
|---|---|
| ___2/14/18___ | _____/s/_____ |
| Date | Marvin J. Garbis |
| | United States District Judge |